**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| NASHID AKIL | : | |
| | : | **CIVIL ACTION** |
| v. | : | **No. 23-2654** |
| | : | |
| CITY OF PHILADELPHIA, et al. | : | |

McHUGH, J.                                                                          March 22, 2024

## MEMORANDUM

      This is an action brought by former Philadelphia Police Captain Nashid Akil against the City of Philadelphia and several Philadelphia Police Department officials.  Plaintiff claims he was forced to resign because of racial discrimination and a lack of due process in a disciplinary hearing. I previously granted a motion to dismiss all claims from the First Amended Complaint with prejudice, while allowing the chance to amend the claims for procedural due process and racial discrimination under 42 U.S.C. § 1981.  Plaintiff has now re-pled those two claims in a Second Amended Complaint, prompting another motion to dismiss.  Plaintiff again fails to state a procedural due process claim, but manages to plead  a claim under § 1981, albeit marginally.  The motion will therefore be granted in part.

## I.      Relevant Background

      A detailed summary of this case can be found in my previous memorandum dismissing the First Amended Complaint.  ECF 22.  I noted there that the complaint took a "firehose" approach, delivering "a blitz of allegations" over several dozen pages.  *Id.* at 1.  The Second Amended Complaint is unchanged in this regard.  The core narrative is that Plaintiff Nashid Akil, a former Captain in the Philadelphia Police Department (PPD), was racially discriminated against and deprived of due process in a disciplinary proceeding.  The Second Amended Complaint does not provide the basis for the disciplinary hearing, other than a vague reference to Plaintiff's alleged

"failure to supervise." Second Am. Compl. ¶ 197, ECF 24. After this hearing, he learned that the PPD intended to terminate him, so he resigned in February 2023. *Id.* ¶¶ 54-60. Beyond this background, the Second Amended Complaint references a dizzying array of other events and individuals, but these references are too vague and sporadic to summarize cogently here, and their relevance to the case remains unclear.

After dismissal of the previous complaint, Plaintiff's only remaining claims are for (1) a procedural due process violation under 42 U.S.C. § 1983, and (2) a violation of 42 U.S.C.§ 1981 based upon disparate treatment, retaliation, and a hostile work environment. Both claims are brought against five remaining defendants: the City of Philadelphia, Daniel Outlaw (the former PPD Commissioner), Francis Healy (a PPD legal advisor), Robin Wimberly (a Deputy PPD Commissioner), and Joel Dales (another Deputy PPD Commissioner).

## II.     Legal Standard

Motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) are governed by the well-established standard set forth in *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

## III.    Discussion

The Court remains concerned and distracted by the poor quality of Plaintiff's pleadings. The Second Amended Complaint did not address many of the major defects I previously identified. Although Plaintiff removed Richard Stein, Michael Cochrane, Yvonne Banks, and John Stanford from the case's caption, he failed to remove the paragraphs in which he refers to them as "Defendants," lists them as "Parties" to the case, and alleges that they "subjected Plaintiff to violations of Plaintiff's rights." Second Am. Compl. ¶¶ 7-9, 22-30, 34. The Second Amended Complaint also remains rife with grammatical errors and references to counts that have already

been dismissed with prejudice.  *See, e.g., id.* ¶¶ 61, 226-29 (continuing to allege violations of the First, Fourth, and Fifth Amendments, Title VII, and the Equal Protection Clause); *id.* ¶ 228 (alleging that all Defendants acted "with the specific intent to deprive Plaintiff of her [sic] constitutional right to be free from unreasonable seizer [sic]"); *id.* ¶ 70 (stating in full: "Plaintiff, Nashid Akil was not permitted to accurate").  Yet again, the Court must parse through the Complaint to discern if it sets forth plausible allegations supporting either of the remaining claims.

### A.    *Procedural Due Process*

Count I of the Second Amended Complaint alleges a § 1983 claim against all defendants for violating Plaintiff's right to procedural due process.  Procedural due process claims require a two-step inquiry: (1) whether the plaintiff had a constitutionally protected property interest, and (2) whether the procedures provided to him were constitutionally adequate.  *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000).

I previously dismissed this claim without prejudice because Plaintiff failed to plead a constitutionally protected property interest in his continued employment.  In response, Plaintiff now points to two cases from the Third Circuit for the proposition that all Philadelphia police officers have such an interest.  *Gniotek v. City of Phila.*, 808 F.2d 241 (3d Cir. 1986); *Copeland v. Phila. Police Dep't*, 840 F.2d 1139 (3d Cir. 1988).  In both of these cases, the Third Circuit merely accepted the defendants' concessions that a cognizable property interest existed, rather than affirmatively holding that such an interest exists for all Philadelphia police officers.[1]   The

---

[1] *See Gniotek*, 808 F.2d at 243 ("*All parties agree* that appellants have a cognizable property interest in their jobs and that the City of Philadelphia provides adequate post-deprivation remedies."); *Copeland*, 840 F.2d at 1144 ("*The parties agree* that Copeland has a cognizable property interest in his employment sufficient to trigger the procedural due process requirements of the fourteenth amendment."); *see also Fraternal Ord. of Police Lodge No. 5 v. Tucker*, 868 F.2d 74, 79 (3d Cir. 1989) ("*The defendants concede* that the plaintiffs have cognizable property interests in their positions as police officers that are sufficient to trigger the procedural due process protection of the Fourteenth Amendment.") (emphasis added throughout).

Defendants have not conceded this point here, but still, I accept at this stage that Plaintiff has pled a protected property interest in his continued employment.

Turning to whether the procedures provided to Plaintiff were constitutionally adequate, the Supreme Court has held that a public employee with a property interest in their job is entitled to a "pretermination opportunity to respond, coupled with post-termination administrative procedures." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 547-48 (1985). "In particular, 'a tenured public employee is entitled to [pretermination process consisting of] oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story.' The pretermination hearing may be informal so long as it affords the employee an opportunity to make any 'plausible arguments that might . . . prevent [the] discharge.'" *Fraternal Ord. of Police Lodge No. 5 v. Tucker*, 868 F.2d 74 (3d Cir. 1989) (citing *Loudermill*, 470 U.S. at 546, 544). "[D]ue process does not require the state to provide an impartial decisionmaker at the pre-termination hearing. The state is obliged only to make available the means by which the employee can receive redress for the deprivations." *McDaniels v. Flick*, 59 F.3d 446, 459 (3d Cir. 1995) (quoting *Schaper v. City of Huntsville*, 813 F.2d 709, 715-16 (5th Cir. 1987)) (cleaned up).

Neither the Second Amended Complaint nor Plaintiff's response to the pending motion offers clarity on the process he was allegedly due or what facts would plausibly establish a corresponding violation. The Court is instead left to assemble the scattered factual assertions on

which Plaintiff relies from the 269 paragraphs of the Second Amended Complaint.[2]  Although

Count I of the Second Amended Complaint now reads, "Violations of Procedural Due Process,"

the supporting paragraphs for this count have not been updated, so they only offer conclusory

statements about other, already-dismissed causes of action.  *See, e.g.*, Second Am. Compl. ¶ 228

("Defendants' unlawful actions were done with the specific intent to deprive Plaintiff of her [sic]

constitutional right to be free from unreasonable seizer [sic] and to enjoy equal protection under

the laws."); *id.* ¶ 229 ("Defendants also violated Plaintiff's rights under Title VII of the Civil

Rights Act of 1964 . . . .").

The Court's best summation of Plaintiff's alleged basis for a procedural due process claim

is as follows: Plaintiff was subjected to a disciplinary action based on false allegations made by

Defendants Dales and Healy.  Second Am. Compl. ¶¶ 112, 115.  He contested the disciplinary

action and received a hearing in September 2022.  *Id.* ¶ 190.  Around the same time, Lieutenant

Todd Landherr was "accused of the same thing" as Plaintiff and received his own hearing.[3]  *Id.* ¶

72.  Plaintiff and Landherr were given separate hearings and were not permitted to attend each

other's hearings, which "violated common practice within the PPD."  *Id.* ¶¶ 74, 90.  Plaintiff's

hearing resulted in a recommendation to suspend him, rather than terminate him.  *Id.* ¶ 82.  But,

despite this recommendation, Defendants Outlaw and Wimberly made a "closed door" decision to

---

[2] As an example, the Second Amended Complaint alleges in one paragraph that the defendants "made *the decision to terminate* Plaintiff's employment based on information presented at a hearing that Plaintiff was *not permitted to attend*," but in the next paragraph states: "The decision made by the people who attended the hearing the hearing [sic] *that Plaintiff attended* was to permit Plaintiff to continue his employment. There was *no decision to terminate*."  Second Am. Compl. ¶¶ 77-78 (emphasis added).  After several re-reads of the Complaint, the Court understands the contention to be that two separate hearings took place, and that Plaintiff was only permitted to attend one of the hearings.  But the allegations about these two hearings are confusingly co-mingled throughout the Complaint.

[3] The Second Amended Complaint does not recount the accusations against Plaintiff or Landherr, although it references a "failure to supervise for an incident."  Second Am. Compl. ¶ 197.

terminate Plaintiff.  *Id.* ¶¶ 69, 77, 118.  Thus, the hearing he attended was a "sham," and he was deprived of an opportunity to review or contest the evidence on which Outlaw and Wimberly terminated him.  *Id.* ¶¶ 69, 80-85, 190.

The facts as alleged cannot conceivably establish a due process violation by any of the Defendants.  First, there is no plausible claim against Defendants Dales or Healy,  because even if they made false allegations against Plaintiff, it would not bear on the process due to Plaintiff in a subsequent disciplinary action triggered by those accusations.  No allegation is made that these Defendants were in any way related to the disciplinary process.  As to the remaining Defendants, the Second Amended Complaint is clear that Plaintiff received notice and a hearing.  Even if it were true that his hearing was a "sham" because he was siloed from Landherr against PPD's custom, or because Outlaw and Wimberly decided to terminate him despite a *recommendation* to suspend him, these allegations cannot establish a constitutional violation.  Plaintiff does not allege that the redress process itself was denied to him such that he had no opportunity to learn of the charges against him or respond to them.  Nor does he allege that the *post*-deprivation remedies available to him were in any way deficient.  Plaintiff has therefore failed to state a § 1983 violation.

Consistent with his pleadings, Plaintiff's response to the motion to dismiss offers nothing more than a repetition of conclusory assertions that he "provided detailed factual averments that established each of the necessary elements."  Pl.'s Opp. Br. at 6, ECF 28 ("Plaintiff, Nashid Akil pled a due process violation under Section 1983.  Mr. Akil's Second Amended Complaint provides the legal support for his Section 1983 claims.  All of the elements are present.").  I have endeavored to identify and analyze whether Plaintiff pleads a plausible due process violation.  But, paraphrasing Judge Boudin, even if "[i]t is possible that somewhere in this morass" are facts that sufficiently state a claim, "[i]t is not our job, especially in a counseled civil case, to create

arguments for someone who has not made them or to assemble them from assorted hints and references scattered throughout." *Yeomalakis v. F.D.I.C.*, 562 F.3d 56, 61 (1st Cir. 2009). The due process claim will be dismissed with prejudice.

### B. *42 U.S.C. § 1981*

Plaintiff also reasserts his § 1981 claim against all defendants, incorporating theories of disparate treatment, retaliation, and a hostile work environment.[4] I dismissed this claim without prejudice from the First Amended Complaint because Plaintiff failed to make any factual allegations that could plausibly establish a racial motivation for any action taken by a defendant. Here, although it is a close call, Plaintiff alleges new details sufficient to meet the low bar to state a claim under § 1981.

Section 1981 provides, "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . . to the full and equal benefit of all laws . . . as is enjoyed by white citizens." 42 U.S.C. § 1981. To establish a claim for disparate treatment discrimination under § 1981, a plaintiff must plausibly establish: (1) that he belongs to a racial minority; (2) an intent to discriminate on the basis of race by the defendants; and (3) discrimination concerning one or more of the activities enumerated in § 1981. *Estate of Oliva ex rel. McHugh v. New Jersey*, 604 F.3d 788, 797 (3d Cir. 2010). For a retaliation claim under § 1981, a plaintiff must plead: (1) that he engaged in protected activity under the statute; (2) that the employer took an adverse employment action against him; and (3) that there was a causal connection between his participation in the protected activity and the adverse employment action. *Castleberry v. STI Grp.*, 863 F.3d 259, 267 (3d Cir. 2017) (citing *Moore v. City of Phila.*, 461 F.3d

---

[4] Paragraph 38 of the Second Amended Complaint states that Plaintiff's § 1981 claim is "pursuant to disparate treatment and retaliation." Elsewhere, he references "hostile work environment" as a theory of his § 1981 claim. *Id.* ¶ 236.

331, 340-41 (3d Cir. 2006)).  Lastly, to state a § 1981 claim of hostile work environment, a plaintiff must plead facts to plausibly establish: (1) that the employee suffered intentional discrimination because of his race; (2) the discrimination was severe or pervasive; (3) the discrimination detrimentally affected the plaintiff; (4) the discrimination would detrimentally affect a reasonable person in like circumstances; and (5) the existence of *respondeat superior* liability.  *Castleberry*, 863 F.3d at 263 (citing *Mandel v. M & Q Packaging Corp.*, 706 F.3d 157, 167 (3d Cir. 2013)).

Plaintiff claims that he and Lieutenant Todd Landherr – who is white – faced the same disciplinary accusations, but that only Plaintiff – who is African American – was terminated.  He also alleges that the Defendants, all senior leaders within the PPD, refused to increase his salary or provide him with other benefits, despite increasing pay and providing those benefits to white officers holding the same position as Plaintiff.  Second Am. Compl. ¶¶ 266-68.  And he alleges that these issues occurred after Plaintiff complained about what he perceived to be racial discrimination against him within PPD.[5]  Second Am. Compl. ¶ 221.  These new allegations, while quite vague, are sufficient to state a § 1981 claim at this stage, especially because the Defendants failed to address them in their motion to dismiss, likewise failing to cite any binding precedent that would support dismissal of this claim.

## IV.    Conclusion

For the reasons set forth above, the Defendants' motion to dismiss will be granted in part and denied in part.  An appropriate order follows.

/s/ Gerald Austin McHugh
United States District Judge

---

[5] Here, as with its predecessor, the Second Amended Complaint appears to contain language copied over from other sources without editing.  *See, e.g.*, Second Am. Compl. ¶ 221 ("Plaintiff claims that Defendants discriminated against Plaintiff because of Plaintiff's *sex and gender* and because Plaintiff complained and opposed the unlawful conduct of Defendants related to Plaintiff's protected class.") (emphasis added).